KISTLER, J., concurring.
*975 The Board of Parole and Post-Prison Supervision deferred petitioner's release from prison for four years because it found that she suffered from a present severe emotional disturbance that made her a danger to the community. Our statutes vest the board with the primary responsibility for making that determination based on, among other things, expert testimony from psychologists and psychiatrists. See ORS 144.223(1) (authorizing a psychiatric or psychological examination to assist the board). Appellate courts review the board's determination for substantial evidence. See ORS 144.335(3). We do not reweigh the evidence or substitute our judgment for the board's.
The evidence in the record shows that petitioner was convicted of murder in 1981. Her two most recent psychological examinations resulted in diagnoses respectively of a personality disorder not otherwise specified and a mixed personality disorder with antisocial and borderline features. She had a lengthy criminal history before the murder occurred, and the record permits the board's implicit finding that petitioner continues to minimize either her role in the victim's death or the significance of his death. Given that record and our standard of review, it is difficult to disagree with the Court of Appeals decision affirming the board's order and this court's determination that this is not an appropriate case in which to allow review.
I write separately to note an issue that the record reveals-the board's responsibility to ensure that transgender inmates receive fair and equal consideration in the parole system. Over the course of three psychological reports that span a six-year period, it becomes increasingly clear that petitioner is a transgender inmate, that her gender identity is intertwined with her criminal history, and that that intertwined experience may bear on the personality disorders with which she was diagnosed. Despite petitioner's attempts to identify her gender to the psychologists and the board, both repeatedly and incorrectly referred to **664 her as if she were a man. Moreover, some of the remarks in the psychologists' reports could reflect a misunderstanding of her gender identity and the effect it had on her diagnoses. However, there is also evidence in the record from which the board could conclude that the diagnoses legitimately reflect a personality disorder that continues to make petitioner a danger to the community.
Ultimately, our system gives the board primary responsibility for determining whether the expert opinions that it receives rest on legitimate criteria. Because the board reasonably could have concluded that there were legitimate reasons to defer petitioner's release, I also would deny review. However, the primary authority that the board bears in this area imposes a concomitant obligation on it, in the first instance, to ensure that its determination of the risk an inmate poses to the community is not based on the inmate's gender, gender identity, race, or sexual orientation. With that qualification, I concur in the court's decision.